Spencer, J.,
delivered the opinion of the court. There is no principle of law which can authorize a recovery here. The sale by the loan-officers was absolute and unconditional, and by the default in paying the interest, for 22 days/ from the first Tuesday in May, preceding the sale, the estate of the mortgagor was gone; and the statute vested an absolute indefeasible estate in the mortgaged land, in the loan-officers. (9 Johns. Rep. 129.) Besides, there was no communication between the parties, nor any agent of them, as to the terms and condition of the defendant’s purchase; and clearly, no contract was made which would render the sale conditional between the loan-officers and the defendant. Let us suppose that no arrangement had subsequently been made between the parties, as to the renunciation of the defendant’s purchase ; was there any remedy, at law or in equity for the plaintiffs, and could they have compelled the defendant to convey the land to them, on being paid the amount bid at the sale ? I conceive not. Independently of the consideration, that their legal and equitable right in the land was lost, by the express provisions of the statute, and, therefore, they could not be regarded as having any interest in the property, the sale was absolute and unconditional, as between the loan-officers, in tvhom the estate was vested, and the defendant. Of this there can be no"doubt, as the only evidence of that sale was the written stipulation entered into by the loan-officers and the defendant. \ ‘
It is a mistake to suppose that the defendant purchased under an agreement to bid for the benefit of the plaintiffs : Who were the parties to such an agreement ? Not the loan-officers, for their sale was, and must have been, absolute; not the plaintiffs, for ■ they were neither present, nor were they represented by any person pretending to have authority to treat for them. The facts in the case negative the possibility of any agreement.
It has been urged, that the defendant became a voluntary agent and trustee for the plaintiffs ; this position is contradicted by the fact, that he bid for himself, and immediately took the written evidence that he had purchased the land in his own.
*363 In the case of Hall v. Shultz, (4 Johns. Rep. 240.) we intimated a strong opinion, that the defendants having, with their own money, purchased the plaintiff’s farm on an execution, under a parol agreement to reconvey it to the plaintiff, on being repaid the money advanced, there was no remedy at law or in equity, to enforce the agreement, or to recover damages for its non-performance, on the ground that the agreement was void, and within the statute for the prevention of frauds. The material distinction between that case and this consists in the total absence of any agreement that the defendant should make the purchase for the plaintiffs.
I cannot bring myself to doubt of the soundness of the opinion, that had there existed a parol agreement, that the defendant should purchase in the land for the plaintiffs, and he had made such purchase with his own money, that the agreement would be within the statute of frauds ; and much less can I doubt that the plaintiffs have wholly failed to make out a case entitling them to recover. I consider what passed at the sale as a mere intimation of a wish, on the part of the loan-officers, that the property should not be sacrificed, and an expectation that when the defendant purchased, he would be content to give up the purchase to the persons interested, on being repaid the money advanced.
The 500 dollars paid by the plaintiffs to the defendant can be viewed in no other light than as paid upon a purchase of the defendant’s right to the land, which must be considered as perfect. It seems to me certain, that if the plaintiffs had no remedy to coerce the defendant to convey to them the land he purchased, (and I am entirely convinced they had not,) there is no ground to say that he received the 500 dollars unconscientiously. On the contrary, the defendant surrendered land worth far more than the consideration received.
Judgment for the defendant.