Battle, J.
 

 The bill was filed for the purpose of compelling the defendant to execute a conveyance to the plaintiff for an interest in one half of a certain tract of land, which the plaintiff alleges was purchased and paid for jointly by him and Stephen Taylor, his father, and for which his father took the deed to himself, with a promise to convey one half of the land to plaintiff. The defendant John Taylor denies the trust, and .the question is, has the plaintiff supported his allegations by proof sufficient to entitle him to a decree. This is one of a class of cases of which several have recently been before the Court, and in which it has been held, that to convert a deed absolute on its face into a security for money or a trust, there must be proof not merely of the party’s declarations, but of facts and circumstances,
 
 dehors the deed
 
 incon-sist with the idea of an absolute purchase. "We think that the testimony furnishes abundantly the required proof. In addition to the oft repeated admissions by the father, of the joint purchase and payment by himself and his son, there are the clearly proved facts of the survey, plat, and division of the land between the purchasers, made by the surveyor Carpenter, the taking possession of his part by the plaintiff with his
 
 *249
 
 father’s knowledge and consent, and retaining tbe same np to tbe time of bis father’s death, and afterwards until tbe filing of tbe bill, without paying any rent therefor. These facts are entirely inconsistent with the idea of an absolute purchase by Stephen Taylor of the whole land for himself. The plaintiff is entitled to a decree, that the defendants shall execute the necessary conveyance or conveyances to perfect his title to the land in question. The defendant John Taylor, must pay the costs. Decree.