## William H. Braden et ux., Plffs. in Err., v. William Workman, to Use, etc.

The act of 1856 prohibits the creation of an express trust by parol.

(Decided November 2, 1885.)

Error to the Court of Common Pleas of Washington County to review a judgment for plaintiff in ejectment. Affirmed.

In September 1867, Robert Boyd, deceased, the father of Mary A. Braden, purchased the property involved in this suit. In May, 1875, he deeded it to Wm. H. Braden for the use and benefit, as he stated, of his wife, Mary A. The Washington Savings Bank held a judgment against Braden, upon which execution was issued and levied upon this property. Mrs. Braden gave notice that she was the owner of the property, but the sheriff sold it, and William Workman, cashier of the bank, purchased it for the use of John Hall, the receiver of that institution. He then brought this action to recover possession. At the trial, defendants offered parol evidence to show that the deed to Braden was in trust for Mrs. Braden, which was rejected. Verdict and

Cited in Hiltner v. Hiltner, 4 Montg. Co. L. Rep. 141; Robinson v. Robinson, 7 Montg. Co. L. Rep. 215.

judgment having been entered for plaintiff, the defendants brought error.

*Braden & Miller* and *Dougan & Todd* for plaintiffs in error.

*Brady, McCracken, & McIlvaine* for defendants in error.

OPINION BY MR. JUSTICE GORDON:

As the whole of this case is contained in the defendant's offers of evidence, as set forth in the 2d and 3d assignments, we give them *verbatim.*

"The court erred in overruling the following offer to testimony, No. 4 in notes of testimony, by the defendant: 'The defendants propose to prove by Mary Ann Braden, on the stand, and by other witnesses following her, such facts respecting the title to the property in dispute as will raise a resulting trust in her favor, among which facts are the following: That, prior to his acquisition of the title to said real estate, Robert Boyd declared his purpose in purchasing the same to be, that it should belong to his daughter, Mary Ann Braden, wife of William H. Braden; the declarations of the said Boyd prior to the conveyance of the 17th of May, 1875, that he intended the property for his daughter; and his declarations after that date that he had conveyed the property to William H. Braden for Mary Ann Braden; the declarations of William H. Braden subsequent to said conveyance, that he was not the owner of the property; that while the title appeared, by the deed, to have passed from Robert Boyd to him, his wife, Mary Ann Braden, was the real owner thereof.'

"This evidence to be followed by proof that, when the plaintiff bought the title of William H. Braden to the property in dispute, he had notice of the relation in which Braden stood to the property, and that the property was really that of Mary Ann Braden."

3. "The defendant, Mary Ann Braden, offers to prove by William H. Braden, the nominal vendee of the property from Boyd to him, that, at the time of making the deed from Robert Boyd to him, of the 17th of May, 1875, it was understood between the parties, himself and Robert Boyd, that the property in dispute was being conveyed to him for the benefit and behoof of his wife, Mary Ann Braden; that he never paid any purchase

money to Mr. Boyd, and that the understanding of both parties was that he was not to pay any, as the property was to be held, by him as a trust for the daughter of the vendor."

Now, it is obvious that, if what is here proposed to be proved had been reduced to writing at the time of the execution of the conveyance from Boyd to Braden, an express trust would have been created; but such a trust in parol is just what the act of 1856 strikes down.

The exception is in favor of resulting, not express, trusts,— trusts that, by operation of law, result from the actual fraud of the party taking the title, or the payment for the property with the money of the *cestui que trust,* and neither subsequent fraud, nor subsequent payment, can raise such a trust.

. But nothing of this kind appears in the above-stated offers. There is no pretense that Braden committed a fraud on either his father-in-law or his wife, even in intention; and, as no purchase money was paid, it cannot be alleged that she is, by the payment thereof, brought within the exception of the statute.

The proposition involves a gift by deed to William H. Braden, on which the donor attempted to ingraft an express trust in parol,—a trust of that kind, which the statute peremptorily forbids the courts to execute.

We may here remark, by way of conclusion, that cases of this kind are becoming a trifle monotonous; for besides Barnet v. Dougherty, 32 Pa. 371; Bickel's Appeal, 86 Pa. 204; Cross's Appeal, 97 Pa. 471; Salter v. Bird, 103 Pa. 436, and Dyer's Appeal, 42 Phila. Leg. Int. 385, the case in hand is the third of a like character that we have passed upon during the present term, and we may further call attention to the fact that it is proper to apply to the legislature for a repeal of the act of 1856, rather than to this court.

The judgment of the common pleas is affirmed.