Pearson, J.
 

 The deed of trust from W. R. to James C. Skinner having been found to be fraudulent, James C. and his tenant Bonner stand in the shoes of the debtor William R. Skinner; and the question is, does the debtor, after a sale by the sheriff under execution, hold possession adversely, so that a purchaser at the sale made by the sheriff, cannot transfer the estate after he has the
 
 *327
 
 sheriff’s deed ? Is the debtor, or those who by a fraudulent deed claim under him, so in the adverse possession that the purchaser at the sheriff’s sale acquires a “bare right,” which he cannot transfer, because in the language of the statute of Hen. 8, he has hut a “ pretence of title?”
 

 Such has never in this State been considered to be the relation of the parties. After a man’s land is sold for the payment of his debts, he is looked upon in the light of a tenant at sufferance, a mere occupant, unless he is able to shew that for some cause or other the sheriff’s sale did not pass his estate ; and the purchaser who has the sheriff’s deed is looked upon as the owner of the estate, as one who acquires not a
 
 mere right,
 
 but an estate in possession, which he can sell and dispose of by an ordinary deed without the formality of making an actual entry, as upon one who had committed an abatement, or disseisin, or an intrusion.
 

 The other points need not be discussed ; in fact, they are given up.
 

 Pee CuRiAM, Judgment affirmed.