Nash, C. J.
 

 On the part of the defendant, it is contended, that the action cannot be maintained, as he was, at the time the trespass was committed, in the actual adverse possession of the
 
 locus in quo.
 
 If this be so, the action is misconceived. The action of trespass,
 
 quare clausum fregit,
 
 is a remedy for an injury done to the possession. It is necessary, therefore, that the plaintiff should show that, in law, the possession was in him. In the present case, the defendant had sold and conveyed the land upon which the injury was done to the plaintiff It consisted of nine acres, one only of which was cleared and under fence, and' within that enclosure was a house in which the defendant lived at the time of the sale, and where he continued to live after it. The trespass was committed outside of the enclosure. The defendant was a mere occupant of the land or tenement at sufferance. In Hardy and Brother against Simpson, Busbee 326, the Court decide, that where land is held under execu-cution, and the defendant remains in possession without title, “ he is looked upon in the light of a tenant at sufferance — a
 
 mere occupant.”
 
 The principle is stronger when the owner of the land is the vendor. The defendant then was but an occupant, holding for the plaintiff, the owner, and as against him his occupancy or possession was not adverse, and did not extend beyond his enclosures. If, however, he could be regarded as a tenant at all, he was a tenant at sufferance, or at will; and, in either view, he had, by cutting down the timber, especially after being forbidden by the plaintiff, put an end to his tenancy, and subjected himself to this action. Lord Coke states, “ if a tenant at will cutteth down timber jarees, or voluntarily pull down houses,
 
 *329
 
 the lessor shall have trespass against him,
 
 quare vi et armis ;
 
 for, the taking upon him to cut timber, &c., doth amount in law, to a determination of his will.” Coke Lit. 57 a. See also 5th Coke, 13 a., and Croke Eliz., 777, 784, and the law is the same as to tenants at sufferance. Peake’s N. P., 196; Bul., N. P., 98, 97 ; John Rep. p. 1. Phillips v. Covert. We have examined the case in 13th Ired. 94, and the others to which our attention was called. We do not think they interfere with the opinion we have formed and expressed. Judgment of nonsuit is set aside, and judgment for the plaintiff on the verdict.
 

 Judgment reversed.