## ESTATE OF CHARLES W. SNOOK, DECEASED.

[No. 8,337; decided September 20, 1897.]

Resulting Trust—Parol to Establish.—When real estate has been conveyed by a deed reciting a consideration, parol evidence, in the absence of fraud or mistake, is not admissible in behalf of heirs of the grantor to show that a resulting trust arose in his favor.

The opinion in this case was destroyed in the great fire of 1906, but the point decided being an important one, the syllabus above is now published, and the question is further elucidated in the following note:

### CREATION OF TRUSTS IN LAND BY PAROL.

Classes and Kinds of Trusts in General.—By an express trust in land is meant one that is created by express agreement of the parties: Learned v. Tritch, 6 Colo. 433; Oberlender v. Butcher, 67 Neb. 410, 93 N. W. 764. In England, before the adoption of the statute of frauds in 1676, express trusts in land possessed the same force and validity when created by parol, or, in other words, orally, as when created in writing. By that act, however, in order that an express trust in land might be enforceable, it was made requisite that it be manifested in writing. Only trusts by implication of law and resulting trusts were excepted from this requirement. This statute, in connection with quite similar exceptions, has been adopted in most of the states of the Union, and in some of them the further requirement has been added that express trusts in land must not only be manifested, but must also be created, in writing: See Learned v. Tritch, 6 Colo. 433.

The class of trusts excepted from the requirement of writing has been variously named in various jurisdictions as trusts by implication of law, trusts by operation of law, implied trusts, constructive trusts, resulting trusts, or trusts arising or resulting by operation of

law. In the light of judicial discussion of these terms it may now be said that the phrases "trusts by implication of law," "trusts by operation of law," "implied trusts," and "trusts arising or resulting by operation of law" are all synonymous, and embrace all trusts where a transaction of equitable cognizance is inseparably connected with the creation of trust. The terms "constructive trusts" and "resulting trusts," on the other hand, signify the two kinds of implied trusts. (The question of terminology is somewhat discussed in Wood v. Rabe, 96 N. Y. 414, 48 Am. Rep. 640, and by Brown, P. J., in Hutchinson v. Hutchinson, 84 Hun, 482, 32 N. Y. Supp. 390.)

A resulting trust is one which results from the conduct and relation of the parties to a transfer of land, independently of any agreement whatsoever between them: Learned v. Tritch, 6 Colo. 433. It is a pure creation of equity to promote what is conceived by the law to be good faith between the parties, and exists only in the absence of an agreement between them in relation to its subject matter: Stevenson v. Crapnell, 114 Ill. 19, 28 N. E. 379; Godschalk v. Fulmer, 176 Ill. 64, 51 N. E. 852; Benson v. Dempster, 183 Ill. 297, 55 N. E. 651; Hillman v. Allen, 145 Mo. 638, 47 S. W. 509; Pollard v. Mc-Kenney, 69 Neb. 74, 96 N. W. 679, 101 N. W. 9; Jamison v. Miller, 27 N. J. Eq. 586; Wiser v. Allen, 92 Pa. 317. Thus where land is deeded to one person by absolute deed while another pays the consideration therefor, in the absence of any agreement between the parties, the law raises a resulting trust in the land, so that the apparent grantee holds the title as trustee for the person who paid the consideration: Champlin v. Champlin, 136 Ill. 309, 29 Am. St. Rep. 323, 26 N. E. 526.

A constructive trust, on the other hand, is merely an express trust wherein some transaction of equitable cognizance is inseparably connected with the creation of the trust, so that a court of equity has jurisdiction to administer relief to the parties on the whole transaction, including the express agreement between them, notwithstanding that agreement is oral and would not be cognoscible in a court of justice in the absence of the equitable elements connected with it. A constructive trust can never arise in the absence of an express agreement of trust between those concerned in the transfer of the legal titles of land, but is always superimposed upon and could not exist without an express oral trust, which in turn would be unenforceable without the constructive trust. A person who holds land subject to a constructive trust is often termed in the decisions a trustee ex maleficio.

It is appropriate, therefore, to divide all express oral trusts in land into two classes: Constructive trusts, and those in which no transaction of equitable cognizance is involved, which may properly be called simple trusts. Resulting trusts are not, however, in any view, express trusts. Indeed, a resulting trust does not arise where there is

an express agreement of trust between the parties, although such agreement is invalid.

In the absence of a statute of frauds prohibiting oral trusts in land, the distinction between simple and constructive trusts is mostly immaterial, for in such case, except as affected by the necessity of consideration to support simple trusts, the validity and effect of simple and constructive trusts is substantially the same; but in jurisdictions where simple trusts are required to conform to the requirements of a statute of frauds, from the operation of which constructive trusts are excepted, a wide divergence becomes manifest between the validity and effect of simple and constructive trusts.

Conceding that the statute of frauds is a wise and salutary enactment, there is fair ground for the distinction which it recognizes between simple and constructive oral trusts. If the rule requiring at least a written memorandum, in case of dealings with land, was to have any efficiency at all, it is manifest that a mere careless indifference to or negligent disregard of its requirements, as is shown in an attempt to create a simple verbal trust, must be interdicted. Where, however, there is some equitable excuse for neglect of the requirements of the statute, as where, for instance, that neglect was induced by inadvertence, mistake, imposition, or fraud, either of which has always been a ground for equitable interposition, a constructive trust arises, and courts of equity are ever ready to intervene, the statute law permitting.

### Simple Trusts.

**Necessity of Writing in General.**—In most states a simple trust in land, to be enforceable, must be in writing: Oden v. Lockwood, 136 Ala. 514, 33 South. 895; Salyers v. Smith, 67 Ark. 526, 55 S. W. 936; Von Trotha v. Bamberger, 15 Colo. 1, 24 Pac. 883; Hayden v. Denslow, 27 Conn. 335; Walker v. Brown, 104 Ga. 357, 30 S. E. 867; Potter v. Clapp, 203 Ill. 592, 96 Am. St. Rep. 322, 68 N. E. 81; Brown v. White, 32 Ind. App. 100, 67 N. E. 273; Gregory v. Bowlsby, 115 Iowa, 327, 88 N. W. 822; Wright v. King, Har. Ch. 12; Cameron v. Nelson, 57 Neb. 381, 77 N. W. 771; Elder v. Webber (Neb.), 92 N. W. 126; Eaton v. Eaton, 35 N. J. L. 290; Sturtevant v. Sturtevant, 20 N. Y. 39, 75 Am. Dec. 371; Wheeler v. Reynolds, 66 N. Y. 227. In some of these states the language of this rule in substance is that such trust must be manifested or proved by some writing signed by some party enabled to create the trust: Learned v. Tritch, 6 Colo. 433; Horne v. Ingraham, 125 Ill. 198, 16 N. E. 868; Moore v. Horsley, 156 Ill. 36, 40 N. E. 323; Mohn v. Mohn, 112 Ind. 285, 13 N. E. 859; McClain v. McClain, 57 Iowa, 167, 10 N. W. 333; Andrew v. Concannon, 76 Iowa, 251, 41 N. W. 8; Brown v. Barngrover, 82 Iowa, 204, 47 N. W. 1082; Dunn v. Zwilling, 94 Iowa, 233, 62 N. W. 746; Hoon v. Hoon, 126 Iowa, 391, 102 N. W. 105; Heddleston v. Stoner, 128 Iowa, 525, 105 N. W. 56; Ingham v. Burnell, 31 Kan. 333, 2 Pac. 804; Dorsey v. Clarke, 4 Har. & J. 551; McElderry v. Shipley, 2 Md. 25, 56 Am.

Dec. 703; Wolf v. Corby, 30 Md. 356; Northampton Bank v. Whiting, 12 Mass. 104; Green v. Cates, 73 Mo. 115; Rogers v. Ramey, 137 Mo. 598, 39 S. W. 66; Hillman v. Allen, 145 Mo. 638, 47 S. W. 509; Smith v. Howell, 11 N. J. Eq. 349; Aller v. Crouter, 64 N. J. Eq. 381, 54 Atl. 426; Jackson v. Moore, 6 Cow. 706; Jeremiah v. Pitcher, 20 Misc. Rep. 513, 45 N. Y. Supp. 758; Dilts v. Stewart (Pa.), 1 Atl. 587; Pinney v. Fellows, 15 Vt. 525; but in other states the more stringent language is used that such trust must be created or declared in writing signed by such party: Patton v. Beecher, 62 Ala. 579; White v. Farley, 81 Ala. 563, 8 South. 215; Brackin v. Newman, 121 Ala. 311, 26 South. 3; Brison v. Brison, 75 Cal. 525, 7 Am. St. Rep. 189, 17 Pac. 689; Barr v. O'Donnell, 76 Cal. 469, 9 Am. St. Rep. 242, 18 Pac. 429; Doran v. Doran, 99 Cal. 311, 33 Pac. 929; Smith v. Peacock, 114 Ga. 691, 88 Am. St. Rep. 53, 40 S. E. 757; Eaton v. Barnes, 121 Ga. 548, 49 S. E. 593; Ellis v. Hill, 162 Ill. 557, 44 N. E. 858; Monson v. Hutchin, 194 Ill. 431, 62 N. E. 788; Peterson v. Boswell, 137 Ind. 211, 36 N. E. 845; Patterson v. Mills, 69 Iowa, 755, 28 N. W. 53; Moran v. Somes, 154 Mass. 200, 28 N. E. 152; Shafter v. Huntington, 53 Mich. 310, 19 N. W. 11; Thompson v. Marley, 102 Mich. 476, 60 N. W. 976; Randall v. Constans, 33 Minn. 329, 23 N. W. 530; Hansen v. Berthelson, 19 Neb. 433, 27 N. W. 423; Pollard v. McKenney, 69 Neb. 742, 96 N. W. 679, 101 N. W. 9; Ryan v. Dox, 34 N. Y. 307, 90 Am. Dec. 696; Wood v. Rabe, 96 N. Y. 414, 48 Am. Rep. 640; Fleming v. Donahue, 5 Ohio, 255. It would seem, however, that both expressions of the rule have been interpreted by the courts as a statement of a rule of evidence preventing the proof of a simple trust by parol rather than as one of substantive law wholly invalidating it, and no clear difference in the application of the statutory rule, based on this difference of language, can be discerned. There nevertheless are some decisions wherein the courts have declared that where such trusts are not duly manifested in writing they are void (Moore v. Campbell, 102 Ala. 445, 14 South. 780; Champlin v. Champlin, 136 Ill. 309, 29 Am. St. Rep. 323, 26 N. E. 526; Johnston v. Johnston, 138 Ill. 385, 27 N. E. 930; Monson v. Hutchin, 194 Ill. 431, 62 N. E. 788; Hain v. Robinson, 72 Iowa, 735, 32 N. W. 417; Rogers v. Richards, 67 Kan. 706, 74 Pac. 255; Dorsey v. Clarke, 4 Har. & J. 551; Wolf v. Corby, 30 Md. 356; Renz v. Stoll, 94 Mich. 377, 34 Am. St. Rep. 358, 54 N. W. 276; Luse v. Reed, 63 Minn. 5, 65 N. W. 91; In re Ryan's Estate, 92 Minn. 506, 100 N. W. 380; Coffery v. Sullivan (N. J. Eq.), 49 Atl. 520; Salter v. Bird, 103 Pa. 436), in equity as well as at law (Wheeler v. Reynolds, 66 N. Y. 227), and this language is also found in some of the statutes; but in the decisions this language has usually been used merely in repetition of the statutory language or else in cases where it was immaterial whether the oral trust was void or merely unenforceable, and in the statutes its force is generally modified by the context. In McCormick Harvesting Machine Co. v. Griffin, 116 Iowa, 397, 90 N. W. 84, however, it is said

with strict accuracy that an oral trust in land is not void, but merely unenforceable by reason of the inability of the cestui que trust to prove it. For oral evidence is not admissible for that purpose, but only documentary: Maroney v. Maroney, 97 Iowa, 711, 66 N. W. 911; Luckhart v. Luckhart, 120 Iowa, 248, 94 N. W. 461; Hillman v. Allen, 145 Mo. 638, 47 S. W. 509; Graves v. Graves, 29 N. H. 129; Farrington v. Barr, 36 N. H. 86; Moore v. Moore, 38 N. H. 382; McVay v. McVay, 43 N. J. Eq. 47, 10 Atl. 178; Aller v. Crouter, 64 N. J. Eq. 381, 54 Atl. 426; Rathbun v. Rathbun, 6 Barb. 98; Jeremiah v. Pitcher, 20 Misc. Rep. 513, 45 N. Y. Supp. 758.

It follows from this rule requiring documentary evidence of a trust in land that an absolute deed of land cannot be changed by oral testimony into a deed of trust: Jones v. Van Doren, 18 Fed. 619; Skahen v. Irving, 206 Ill. 597, 69 N. E. 510; Rogers v. Ramey, 137 Mo. 598, 39 S. W. 66. Thus an oral agreement by the grantee of land to hold it in trust for the grantor or to reconvey it to him upon the happening of a certain event is not enforceable: Patton v. Beecher, 62 Ala. 579; Barr v. O'Donnell, 76 Cal. 469, 9 Am. St. Rep. 242, 18 Pac. 429; Fenney v. Howard, 79 Cal. 525, 12 Am. St. Rep. 162, 21 Pac. 984, 4 L. R. A. 826; Bohm v. Bohm, 9 Colo. 100, 10 Pac. 790; Lawson v. Lawson, 117 Ill. 98, 7 N. E. 84; Biggins v. Biggins, 133 Ill. 211, 24 N. E. 516; Campbell v. Brown, 129 Mass. 23; Hillman v. Allen, 145 Mo. 638, 47 S. W. 509; O'Brien v. Gashin, 20 Neb. 347, 30 N. W. 274; Dailey v. Kinsler, 31 Neb. 340, 47 N. W. 1045; Thomas v. Churchill, 48 Neb. 266, 67 N. W. 182; Veeder v. McKinley-Lanning Loan & Trust Co., 61 Neb. 892, 86 N. W. 982; Doying v. Chesebrough (N. J. Eq.), 36 Atl. 893; Pusey v. Gardner, 21 W. Va. 469; Fairchild v. Rasdall, 9 Wis. 379. This is equally true, although the grant was made without consideration: Gregory v. Bowlsby, 115 Iowa, 327, 88 N. W. 822; Gee v. Thraikill, 45 Kan. 173, 25 Pac. 588; Farrington v. Barr, 36 N. H. 86. Thus an oral promise by the grantee to will certain other property to the grantor (Manning v. Pippen, 86 Ala. 357, 11 Am. St. Rep. 346, 5 South. 572), or to support the grantor for life (Salyers v. Smith, 67 Ark. 526, 55 S. W. 936), or to hold the deed as an escrow (Stevenson v. Crapnell, 114 Ill. 19, 28 N. E. 379), or to permit the grantor to repurchase it at a given price (Harper v. Harper, 5 Bush, 176), or to reconvey to the grantor in case of failure to pay the purchase price (Gallagher v. Mars, 50 Cal. 23), is not enforceable. Moreover, where the grantee in violation of the trust sold the land and appropriated the proceeds, the grantor cannot maintain an action to recover the proceeds: Mohn v. Mohn, 112 Ind. 285, 13 N. E. 859. And where a grantor of land claims that the grantee obtained the grant by fraud, and such grantee had in turn granted it to a third person on an oral trust to hold for herself, and the first grantor brought an action to compel a reconveyance of the land wherein a default judgment was obtained against the latter grantee, even if it appeared on a trial subsequent to the entry of

the default that the first grantee did not obtain the deed by fraud, she is not entitled to relief against the first grantor, the trust by which the land was held for her being oral and the default against the latter grantee not having been set aside: Dailey v. Kinsler, 31 Neb. 340, 47 N.·W. 1045.

Similarly, where the grantor of land by absolute deed conveys it to the grantee under a verbal trust on his part to hold the land in trust for a third person, the trust is unenforceable: Lantry v. Lantry, 51 Ill. 451, 2 Am. Rep. 310; Prouty v. Moss, 111 Ill. App. 536; Green v. Cates, 73 Mo. 115.

Again, an oral agreement by a grantee of land to take and hold for another land, the purchase price of which was paid for by the other, is within the statute of frauds: Coleman v. Bowles' Admr. (Ky.), 56 S. W. 651.

Likewise a declaration by a person on his deathbed that he desired that one-half of certain land should be the property of a certain person does not, he having made no will, create a trust in the land as against his heir: Campbell v. Brown, 129 Mass. 23.

And where land subject to an oral trust passed by mesne conveyances to a certain grantee, who, dying, the property passed to her heirs, the trustor cannot enforce the trust as against her heirs: Lawson v. Lawson, 117 Ill. 98, 7 N. E. 84.

Finally, in Farrand v. Beshoar, 9 Colo. 291, 12 Pac. 196, the court held that where a simple trust in land rests in parol, a decree sustaining the trust cannot be sustained.

**What Constitutes Trust in Land Within Rule.**—In some states the rule requiring a trust to be manifested in writing is directed not alone at trusts concerning lands, but also at trusts in any manner relating to lands: Shafter v. Huntington, 53 Mich. 310, 19 N. W. 11; Randall v. Constans, 33 Minn. 329, 23 N. W. 530; Pollard v. McKenney, 68 Neb. 742, 96 N. W. 679, 101 N. W. 9; Ryan v. Dox, 34 N. Y. 307, 90 Am. Dec. 696. It is therefore held that where by a will certain land was devised to a devisee under an oral trust that the devisee would give five hundred dollars to a certain beneficiary, the fact that the executor of the estate was required by the will to sell and convert into money all the estate before distribution does not validate the trust as one relating to moneys: Moore v. Campbell, 102 Ala. 445, 14 South. 780. And where a grantor conveys land to another for a part present consideration and on the agreement that the grantee shall hold one-half of the land in trust for the grantor, and upon the sale of the land pay the grantor one-half the net avails thereof, an action to recover from the grantee one-half thereof cannot be maintained: Cameron v. Nelson, 57 Neb. 381, 77 N. W. 771.

In Betchel v. Ammon, 199 Pa. 81, 48 Atl. 873, however, the court holds that an oral trust to sell lands and account for the proceeds, where the lands have been sold and the proceeds are in the hands of the trustee, is not within the statute of frauds. And in New York,

where the statute of frauds has the broad language mentioned in the preceding paragraph, the court held that where land is conveyed under an oral trust to hold for a certain cestui que trust, and the grantee conveys all the land to purchasers and receives the purchase money and pays over all except the last portion of it to the cestui que trust, but refuses to pay over such residue, the cestui que trust may maintain an action to recover it and the statute of frauds is no defense therein, the trust having been performed so far as it concerned realty. "If the defendant should say that he now can keep the money because he once could keep the land, still the plaintiff can say with better justice that he is not entitled to the money because it was originally his, and though he voluntarily suspended his right to it for a season, he did so without lawful consideration and in confidence that when it could be restored to him it would be. That time has come, and there is no obstacle to its restoration": Bork v. Martin, 132 N. Y. 280, 28 Am. St. Rep. 570, 30 N. E. 584.

Again, the fact that a chose in action was secured by a mortgage on land does not render a trust in the chose in action subject to the provisions of the statute of frauds relating to trusts in land: Patterson v. Mills, 69 Iowa, 755, 28 N. W. 53.

**Manifestation of Oral Trust in Writing.**—It is not requisite that the writing whereby a simple trust in land is manifested be made contemporaneously with the creation of the trust, but it may be established by a writing signed by the alleged trustee and setting forth the trust made at any time, whether long thereafter or in anticipation and contemplation thereof: Jackson v. Moore, 6 Cow. 706; Rathbun v. Rathbun, 6 Barb. 98; Hutchinson v. Hutchinson, 84 Hun, 482, 32 N. Y. Supp. 390; McVay v. McVay, 43 N. J. Eq. 47, 10 Atl. 178; Aller v. Crouter, 64 N. J. Eq. 381, 54 Atl. 426. Thus where the grantee of land took the same on a verbal trust to convey a portion thereof to the value of five hundred dollars to her daughter upon her arrival at the age of twenty, and five years afterward put this verbal agreement in writing, there is a valid enforceable trust in her daughter's favor: Pendleton v. Patrick (Ky.), 57 S. W. 464. So where the grantee of land under an oral trust put the same in writing in strict accordance with the oral declaration a long time after the title to the land had vested in him, the trust is valid against a creditor of the trustee: Iauch v. De Socarras, 56 N. J. Eq. 538, 39 Atl. 370.

This written evidence of the trust "may be found and deduced from one or more writings if they bear a relation to each other and import a trust. The writing need not be of a formal character, but a trust may be imported and proved by letters, deeds, and other writings signed by the party to be charged": Aller v. Crouter, 64 N. J. Eq. 381, 54 Atl. 426. It may thus be deduced from a writing made ten years after the creation of the trust, which writing the trustee had signed merely by writing his initials in the body: Smith v. Howell, 11 N. J. Eq. 349.

Moreover, "while parol evidence of an express trust is to be rejected, yet, when an instrument is claimed to be an acknowledgment and proof of such a trust, the circumstances under which it was made may be used to elucidate its construction": Aller v. Crouter, 64 N. J. Eq. 381, 54 Atl. 426.

Depositions and Pleadings as Manifestation of Trust.—In some decisions it is held that a simple oral trust is sufficiently manifested in writing by a deposition signed by the alleged trustee and clearly setting out the terms of the trust: McIntire v. Skinner, 4 G. Greene, 89; Pinney v. Fellows, 15 Vt. 525. Moreover, an answer in chancery admitting the trust, although not responsive to the bill in the cause, sufficiently manifests the trust to satisfy the statute of frauds: Jamison v. Miller, 27 N. J. Eq. 586. And where a verified petition to enforce an oral trust in land sets up the trust and the verified answer avers that defendant has no reason to doubt the averments of the petition, and is signed by the defendant in the verification, the trust is sufficiently manifested in writing: McVay v. McVay, 43 N. J. Eq. 47, 10 Atl. 178.

In Davis v. Stambaugh, 163 Ill. 557, 45 N. E. 170, however, the court held that where a defendant in a suit to enforce a simple oral trust in lands claimed the benefit of the statute of frauds by his answer, neither an admission of the existence and character of the trust contained in his deposition, nor a similar admission in his answer, is sufficient to satisfy the requirements of the statute, for the reason that "a party who insists upon his statutory right and does not submit to waive it cannot be legally bound by a declaration or creation of trust which the statute declares to be utterly void and of no effect."

Part Performance of Trust.—"Acts of part performance, such as will furnish a foundation for enforcing a verbal contract respecting land otherwise void under the statute of frauds, must be such as are done in pursuance, or according to the terms, of the contract, and which in some manner affect or change the relation of the parties so that they would be defrauded if the contract were not enforced.· . . . . Actual possession in furtherance of the terms of the contract, especially when accompanied by the making of permanent and valuable improvements upon the premises, may be made the foundation for a decree of specific performance; but mere possession will not be deemed a part performance sufficient to justify such relief when it may be fairly referable to some other cause than the execution of the contract": Von Trotha v. Bamberger, 15 Colo. 1, 24 Pac. 883. "Acts to be deemed a part performance of a parol agreement, so as to estop a party from insisting upon the statute of frauds, should be so clear, certain, and definite in their object and design as to refer exclusively to a complete and perfect agreement of which they are a part execution. . . . . And they must be a part

performance of the precise agreement set up": Rathbun v. Rathbun, 6 Barb. 98. So where a party purchases land under a verbal agreement to hold the same in trust for another, and the latter on the faith of the agreement thereupon advances a part of the purchase money and comes from another state and takes possession of the premises, there is such part performance and execution of the trust as takes it out of the statute of frauds: Oberlender v. Butcher, 67 Neb. 410, 93 N. W. 764. This same principle is also applicable where the cestui que trust of land takes possession or remains in possession thereof pursuant to a verbal agreement made at the time of the creation of an oral trust therein: Spies v. Price, 91 Ala. 166, 8 South. 405; Simonton v. Godsey, 174 Ill. 28, 51 N. E. 75; Dorsey v. Clarke, 4 Har. & J. 551. Where, however, the trustee charges the cestui que trust in possession with rent, entering the same in his books, the effect of the possession as part performance is annulled: Dorsey v. Clarke, 4 Har. & J. 551. And where after title to land is taken in the name of another the cestui que trust merely remains in possession without any agreement that such possession was in pursuance of the verbal trust, the case is within the statute of frauds: Wentworth v. Wentworth, 2 Minn. 277 (Gil. 238), 72 Am. Dec. 97. Similarly, where the cestui que trust goes into possession pursuant to the terms of a subsequent verbal agreement, independent of the agreement of trust, he cannot defend his right to continue possession thereof on the ground of the oral trust existing in his favor: Von Trotha v. Bamberger, 15 Colo. 1, 24 Pac. 883.

Finally, a verbal promise by the owner of land, not founded on a valuable consideration, to convey certain land to one who was in possession thereof by his permission, cannot be enforced against him or his heirs: Tolleson v. Blackstock, 95 Ala. 510, 11 South. 284.

**Execution of Trust.**—"The statute of frauds is an insuperable bar to an action to enforce a parol contract within its provisions, but it does not make the transaction illegal, and parties are at liberty to act under such contracts if they see proper": Eaton v. Eaton, 35 N. J. L. 290. It was enacted, not that parties might avoid trusts that were executed, but rather to enable them, in case of an attempt to enforce such trusts while they remained executory, to insist on certain modes of proof in order to establish them: Hays v. Regar, 102 Ind. 524, 1 N. E. 386. Thus a person who holds land subject to a simple oral trust has a right to recognize his moral obligation and convey the land to such person as his grantor intended, and on the conditions the latter thought fit to impose, and when such conveyance is made the trust is executed, and it becomes immaterial whether or not its performance could have been compelled: Robbins v. Robbins, 89 N. Y. 251. So where lands that were in fact the separate property of a wife, but stood in the names of herself and husband, and they joined in a deed of the lands to a third person under a verbal trust on his part to reconvey to the wife individually, such

trust is not void, but only voidable, and if the property was in fact reconveyed before any equities attached to it in the hands of the third person, the reconveyance would put an unimpeachable title in the wife: Gallagher v. Northup, 215 Ill. 563, 74 N. E. 711, Cartwright and Hand, JJ., dissenting, reversing 114 Ill. App. 368. And where a party receives a conveyance of lands from his brother on the oral understanding that in case of the brother's death he would convey to his daughters, which conveyance, the brother having died, he makes, such conveyance would be regarded as made in performance of such agreement, and would be upheld as not affected by the statute of frauds: Collins v. Collins, 98 Md. 473, 103 Am. St. Rep. 408, 57 Atl. 597.

The trust, when executed, is also valid against third parties as well as between the parties. It does not lie in the mouth of a third party in whose favor no estoppel is shown to exist to say that the contract creating the trust was void and conferred no rights: McCormick Harvesting Machine Co. v. Griffin, 116 Iowa, 397, 90 N. W. 84. So where a widow who held land under an oral trust for her children conveyed to each his respective share, a second husband is not entitled to claim dower in such land: King v. Bushnell, 121 Ill. 656, 13 N. E. 245. And where such trust is executed, it is valid against a judgment creditor of the trustee: Hays v. Regar, 102 Ind. 524, 1 N. E. 386.

The validity of a simple oral trust, when fully executed, is also affirmed in many other cases: Polk v. Boggs, 122 Cal. 114, 54 Pac. 536; Church v. Sterling, 16 Conn. 388; Hayden v. Denslow, 27 Conn. 335; Stringer v. Montgomery, 111 Ind. 489, 12 N. E. 474; Barber v. Milner, 43 Mich. 248, 5 N. W. 92; Bork v. Martin, 132 N. Y. 280, 28 Am. St. Rep. 570, 30 N. E. 584. And in support of a conveyance made pursuant to such oral trust in land, the parol agreement creating may be proven: Brown v. White, 32 Ind. App. 100, 67 N. E. 273.

The Exceptional Rule—Creation Contemporaneously with Transfer of Land.—In a few states there is no statutory provision requiring a trust in lands to be manifested in writing, and an express simple trust may be created by an oral declaration of trust made contemporaneously with, or in contemplation and anticipation of, the transfer of the legal title to land by absolute deed: Cohn v. Chapman, 62 N. C. 92, 93 Am. Dec. 600; Pittman v. Pittman, 107 N. C. 159, 12 S. E. 61, 11 L. R. A. 456; Dover v. Rhea, 108 N. C. 88, 13 S. E. 614; Cobb v. Edwards, 117 N. C. 244, 23 S. E. 241; Owens v. Williams, 130 N. C. 165, 41 S. E. 93; Sykes v. Boone, 132 N. C. 199, 95 Am. St. Rep. 619, 43 S. E. 645; Haywood v. Ensley, 8 Humph. 460; Thompson v. Thompson (Tenn. Ch.), 54 S. W. 145; Woodfin v. Marks, 104 Tenn. 512, 58 S. W. 227; Renshaw v. First National Bank (Tenn.), 63 S. W. 194; James v. Fulrod, 5 Tex. 512, 55 Am. Dec. 743; Mead v. Randolph, 8 Tex. 191; Bailey v. Harris, 19 Tex. 108; Leaky v. Gunter, 25 Tex. 400; Gardner v. Russell, 70 Tex. 453, 7 S. W. 781. Compare Mathews v. Massey, 4 Baxt. 450. So where a person, being in

default in the payment of the installments of the purchase price of certain land, accepted the offer of a third person to pay the amount due and hold the land for him, and assigned to him his contract of purchase of the land but continued in possession of it, he may compel the transferee of the land to execute the trust: Cloninger v. Summit, 55 N. C. 513. See, also, Cohn v. Chapman, 62 N. C. 92, 93 Am. Dec. 600. Where, in consideration of receiving a power of sale from the mortgagor of land, the mortgagee agreed to buy the same in at the sale thereof under the power and to convey a certain portion thereof to a trustee for the mortgagor's wife, but afterward, after his purchase of the land, refused to make such conveyance to the wife, equity will enforce the agreement: Blount v. Carroway, 67 N. C. 396. Where a person sold land under an oral agreement that the grantee would transfer the land to another for a certain consideration on the grantor's request, such trust is enforceable: Sykes v. Boone, 132 N. C. 199, 95 Am. St. Rep. 619, 43 S. E. 645. A parol contract under which two or more persons buy land for their joint benefit, but take the title in the name of one, may be enforced against the holder of the legal title: Gardner v. Rundell, 70 Tex. 453, 7 S. W. 781. Moreover, where the intending purchaser of land at judicial sale agreed previously and in contemplation of the sale, or at the time of bidding, that he would hold the land subject to redemption by another person (Cobb v. Edwards, 117 N. C. 244, 23 S. E. 241), or held out to other intending bidders at the sale that he was purchasing for some certain person by reason whereof they were deterred from bidding against him (Haywood v. Ensley, 8 Humph. 460; Woodfin v. Marks, 104 Tenn. 512, 58 S. W. 227), the cestui que trust may enforce the oral trust.

In Tennessee, however, it is held that it is not competent to set up a parol trust in opposition to the provisions of a deed. Indeed, if the deed upon its face and by its terms is absolute and conveys to the grantee a fee simple estate without more, the trust character can be shown by oral evidence, because this would not, in the contemplation of the law, in any way contradict the terms of the deed, but would only complete it. But if the deed contains provisions which expressly or by clear implication give the grantee a power or discretion to defeat the trust, or are inconsistent with it, then the trust does not exist in such shape as to be mandatory upon the grantee. Thus if the deed by its express terms gives the grantee the right to dispose of the land in such way as she may see fit, and for such purpose as she may deem best, a parol trust to convey the property to certain persons cannot be shown: Mee v. Mee, 113 Tenn. 453, 106 Am. St. Rep. 865, 82 S. W. 830.

The full validity of parol trusts in land of the type just described was also formerly recognized in several other states, but they have since been done away with by the extension of the statutes of frauds in those states: Patton v. Beecher, 62 Ala. 579; Church v. Sterling,

16 Conn. 388; Fleming v. Donahue, 5 Ohio, 255; Kisler v. Kisler, 2 Watts, 323, 27 Am. Dec. 308; Murphy v. Hubert, 7 Pa. 420.

A consideration is not necessary to support a simple oral trust in lands, made at the time of, or in contemplation and anticipation of, the transfer of the legal title: Sykes v. Boone, 132 N. C. 199, 95 Am. St. Rep. 619, 43 S. E. 645. See, also, Gardner v. Rundell, 70 Tex. 453, 7 S. W. 781.

The fact that the cestui que trust under such an oral trust, as a condition precedent to his right to receive a conveyance of the land, was required not only to reimburse the purchaser of the legal title for his advances in purchasing it, but was also to pay a certain debt he owed the purchaser's wife, does not invalidate the trust: Owens v. Williams, 130 N. C. 165, 41 S. E. 93.

In order that a court may give effect to an alleged oral trust in land, the evidence offered to sustain it must be clear and convincing: Hamilton v. Buchanan, 112 N. C. 463, 17 S. E. 159; Cobb v. Edwards, 117 N. C. 244, 23 S. E. 241; Renshaw v. First National Bank (Tenn.), 63 S. W. 194. Moreover, in North Carolina at least, the subsequent declarations of the alleged trustee in support of the trust are not by themselves alone sufficient evidence to sustain a judgment enforcing the trust; but while they are admissible in evidence for that purpose, there must be evidence of other facts and circumstances inconsistent with the idea that there was an absolute purchase by the alleged trustee: Taylor v. Taylor, 54 N. C. 246; Pittman v. Pittman, 107 N. C. 159, 12 S. E. 61, 11 L. R. A. 456; Cobb v. Edwards, 117 N. C. 244, 23 S. E. 241.

Creation Independently of Transfer of Land.—A trust in land cannot, however, be created by parol independently of a transfer of the legal title to the land, although for a valuable consideration, for such transaction is in effect only the sale of an interest in land by parol, and transgresses the provision of the statute of frauds requiring such a sale to be evidenced in writing: Frey v. Ramsour, 66 N. C. 466; Blount v. Carroway, 67 N. C. 396; Dover v. Rhea, 108 N. C. 88, 13 S. E. 614; Hamilton v. Buchanan, 112 N. C. 463, 17 S. E. 159; Cobb v. Edwards, 117 N. C. 244, 23 S. E. 241; Kelly v. McNeill, 118 N. C. 349, 24 S. E. 738. Thus a parol agreement made by the purchaser of land, after the purchase was consummated, to hold the land in trust for others, is unenforceable: Hamilton v. Buchanan, 112 N. C. 463, 17 S. E. 159; Kelly v. McNeill, 118 N. C. 349, 24 S. E. 738. And where the legal estate in lands is not conveyed, a trust cannot be raised by a parol declaration, even though founded on a valuable consideration and followed by actual occupancy and the erection of valuable improvements: Cobb v. Edwards, 117 N. C. 244, 23 S. E. 241.

### Constructive Trusts.

In General.—As stated in the first division of this article, constructive trusts are not subject to the statutory provisions requiring an

express trust to be manifested in writing, but are in almost all, if not all, jurisdictions expressly excepted from that requirement: Patton v. Beecher, 62 Ala. 579; White v. Farley, 81 Ala. 563, 8 South. 215; Brison v. Brison, 75 Cal. 525, 7 Am. St. Rep. 189, 17 Pac. 689; Hayne v. Herman, 97 Cal. 259, 32 Pac. 171; Wittenbrock v. Cass, 110 Cal. 1, 42 Pac. 300; Church v. Sterling, 16 Conn. 388, 401; Godschalk v. Fulmer, 176 Ill. 64, 51 N. E. 852; Peterson v. Boswell, 137 Ind. 211, 36 N. E. 845; Patterson v. Mills, 69 Iowa, 755, 28 N. W. 53; Dorsey v. Clarke, 4 Har. & J. 551; Moran v. Somes, 154 Mass. 200, 28 N. E. 152; Shafter v. Huntington, 53 Mich. 310, 19 N. W. 11; Randall v. Constans, 33 Minn. 329, 23 N. W. 530; Pollard v. McKenney, 69 Neb. 742, 96 N. W. 679, 101 N. W. 9; Graves v. Graves, 29 N. H. 129, 141; Farrington v. Barr, 36 N. H. 86; Moore v. Moore, 38 N. H. 382; Ryan v. Dox, 34 N. Y. 307, 90 Am. Dec. 696; Wood v. Rabe, 96 N. Y. 414, 48 Am. Rep. 640; Salter v. Bird, 103 Pa. 436.

While it has been declared that a constructive trust will arise whenever by any mistake an instrument of conveyance of land is made absolute instead of expressing the trust intended (Fairchild v. Rasdall, 9 Wis. 379), yet the ordinary ground of equitable interposition to enforce an oral trust in land is fraud, actual or constructive, and whenever actual or constructive fraud is inseparably connected with the creation of such a trust, a court of equity will take cognizance of the matter and grant appropriate relief against the trustee: Brison v. Brison, 75 Cal. 525, 7 Am. St. Rep. 189, 17 Pac. 689.; Hayne v. Hermann, 97 Cal. 259, 32 Pac. 171; Wright v. Moody, 116 Ind. 175, 18 N. E. 608; Randall v. Constans, 33 Minn. 329, 23 N. W. 530; Pollard v. McKenney, 69 Neb. 742, 96 N. W. 679, 101 N. W. 9; Fairchild v. Rasdall, 9 Wis. 379. In such case, however, the court does not act upon the oral agreement as the primary thing, but the fraud gives it its jurisdiction, and the oral agreement is cognizable by it as an element in the fraudulent transaction: Randall v. Constans, 33 Minn. 329, 23 N. W. 530; Perkins v. Cheairs, 2 Baxt. 194. In Parker v. Catron, 27 Ky. Law Rep. 536, 85 S. W. 740, the court says that constructive trusts are held not within the statute of frauds because they rest in the end on the doctrine of estoppel, and the operation of an estoppel is never affected by the state of frauds.

As in the case of simple trusts in states where they are recognized, so constructive trusts arise only upon the actual transfer of land and not upon an executory contract to hold land in trust: Perkins v. Cheairs, 2 Baxt. 194.

In order that a constructive trust may be established, the fraud or mistake involved in it must be shown by clear and convincing proof. Loose, indefinite, and unsatisfactory evidence is never sufficient: Laughlin v. Mitchell, 14 Fed. 382; Brock v. Brock, 90 Ala. 86, 8 South. 11, 9 L. R. A. 287; Von Trotha v. Bamberger, 15 Colo. 1, 24 Pac. 883; Lantry v. Lantry, 51 Ill. 451, 2 Am. Rep. 310; Wilson v. McDowell, 78 Ill. 514; Hammond's Admx. v. Cadwallader, 29 Mo. 16.

Actual Fraud.—In order that a trust in land may arise by reason of actual fraud, the title must be obtained by the alleged trustee by false and fraudulent promises to hold and use the same for designated uses, and must subsequently be converted to other purposes or claimed by the grantee as his own. Mere subsequent fraud is not sufficient. There must be fraud in the original transaction of such a character as to constitute a fraudulent contrivance for the purpose of acquiring the legal title, and the title must have been obtained through the fraudulent contrivance: Patton v. Beecher, 62 Ala. 579; Moseley v. Moseley, 86 Ala. 289, 5 South. 732; Spies v. Price, 91 Ala. 166, 8 South. 405; Bohm v. Bohm, 9 Colo. 100, 10 Pac. 790; Walter v. Klock, 55 Ill. 362; Biggins v. Biggins, 133 Ill. 211, 24 N. E. 516; Rogers v. Richards, 67 Kan. 706, 74 Pac. 255; Luce v. Reed, 63 Minn. 5, 65 N. W. 91; Wheeler v. Reynolds, 66 N. Y. 227; Salter v. Bird, 103 Pa. 436; Braden v. Workman (Pa.), 1 Atl. 655; Perkins v. Cheairs, 2 Baxt. 194.

Thus the mere failure or refusal of an alleged trustee to comply with the terms of an oral trust is not such fraud as will authorize a court of equity to enforce the trust: Patton v. Beecher, 62 Ala. 579; Moseley v. Moseley, 86 Ala. 289, 5 South. 732; Brock v. Brock, 90 Ala. 86, 8 South. 11, 9 L. R. A. 287; Brison v. Brison, 75 Cal. 585, 7 Am. St. Rep. 189, 17 Pac. 698; Bohm v. Bohm, 9 Colo. 100, 10 Pac. 790; Perry v. McHenry, 13 Ill. 227; Rogers v. Simmons, 55 Ill. 76; Walter v. Klock, 55 Ill. 362; Scott v. Harris, 113 Ill. 447; Davis v. Stambaugh, 163 Ill. 557, 45 N. E. 170; Dunn v. Zwilling, 94 Iowa, 233, 62 N. W. 746; Gregory v. Bowlsby, 115 Iowa, 327, 88 N. W. 822; Heddleston v. Stoner, 128 Iowa, 525, 105 N. W. 56; Randall v. Constans, 33 Minn. 329, 23 N. W. 530; In re Ryan's Estate, 92 Minn. 506, 100 N. W. 380; Hammond's Admx. v. Cadwallader, 29 Mo. 166; Wheeler v. Reynolds, 66 N. Y. 227; Perkins v. Cheairs, 2 Baxt. 194; Fairchild v. Rasdall, 9 Wis. 379. Nor does the denial by the trustee of the existence of such trust amount to such fraud: Scott v. Harris, 113 Ill. 447; Davis v. Stambaugh, 163 Ill. 557, 45 N. E. 170; Gregory v. Bowlsby, 115 Iowa, 327, 88 N. W. 822. For "when the original transaction is free from the taint of fraud or imposition, when the written contract expresses all the parties intended it should, when the parol agreement which is sought to be enforced is intentionally excluded from it, it is difficult to conceive of any ground upon which the imputation of fraud can rest, because of its subsequent violation or repudiation, that would not form a basis for a similar imputation, whenever any promise or contract is broken. . . . . It is an annihilation of the statute [of frauds] to withdraw a case from its operation, because of such violation or repudiation of an agreement or trust it declares shall not be made or proved by parol. There can be no fraud if the trust does not exist, and proof of its existence by parol is that which the statute forbids. In any and every case in which the court is called to enforce a trust there must be a repudiation of it,

or an inability from accident to perform it. If the repudiation is a fraud which justifies interference in opposition to the words and spirit of the statute, the sphere of operation of the statute is practically limited to breaches from accident and no reason can be assigned for the limitation": Patton v. Beecher, 62 Ala. 579. "If the refusal to comply with a parol agreement constitutes such fraud as to take a case out of the statute, then no case is within it. For a party has only to allege that a person contracting by parol fraudulently refuses to comply with the terms of his parol agreement, which he must do in every case, or there would be no necessity for resorting to a court of equity to enforce it, and a case is made to which the statute does not apply": Perry v. McHenry, 13 Ill. 227. See, also, Brock v. Brock, 90 Ala. 86, 8 South. 11, 9 L. R. A. 287; Bohm v. Bohm, 9 Colo. 100, 10 Pac. 790; Fairchild v. Rasdall, 9 Wis. 379.

Likewise the breach of the mere oral promise of a purchaser of land to buy the same or to hold the title therefor in trust for another, though made at the time of or in contemplation of the transfer of the title to him, does not constitute such fraud as to invest a court of equity with jurisdiction to enforce the trust, where the purchaser buys in his own name and with his own means: Robbins v. Kimball, 55 Ark. 414, 29 Am. St. Rep. 45, 18 S. W. 457; Grayson v. Bowlin, 70 Ark. 145, 66 S. W. 658; Stephenson v. Thompson, 13 Ill. 186; Perry v. McHenry, 13 Ill. 227; Wilson v. McDowell, 78 Ill. 514; McDearmon v. Burnham, 158 Ill. 55, 41 N. E. 1094; Fowke v. Slaughter, 3 A. K. Marsh. 56, 13 Am. Dec. 133; Miazza v. Yerger, 53 Miss. 135; Hammond's Admx. v. Cadwallader, 29 Mo. 166; Henderson v. Hudson, 1 Munf. 510. And the same rule is generally applicable where the purchase is made at judicial sale (White v. Farley, 81 Ala. 563, 8 South. 215 (foreclosure sale); Minot v. Mitchell, 30 Ind. 228, 95 Am. Dec. 685 (sheriff's sale, where it did not appear that bidders were deterred by the promise); Walter v. Klock, 55 Ill. 362 (Breese, Scott and Sheldon, JJ., dissenting); Thorp v. Bradley, 75 Iowa, 50, 39 N. W. 177 (foreclosure sale); Graves v. Dugan, 6 Dana, 331 (execution sale, where the cestui que trust had actually paid the trustee the consideration on payment of which the trust was conditioned); Bourke v. Callahan, 160 Mass. 195, 35 N. E. 460 (foreclosure sale); Cobb v. Cook, 49 Mich. 11, 12 N. W. 891 (execution sale); Walker v. Hill's Exrs., 22 N. J. Eq. 513, affirming 21 N. J. Eq. 19 (execution sale); Sherrill v. Crosby, 14 Johns. 358 (execution sale); Bander v. Snyder, 5 Barb. 63 (foreclosure sale); Lathrop v. Hoyt, 7 Barb. 59 (foreclosure sale); Wheeler v. Reynolds, 66 N. Y. 227 (foreclosure sale); Haines v. O'Connor, 10 Watts, 313, 36 Am. Dec. 180; Fox v. Heffner, 1 Watts & S. 372; Appeal of McCall (Pa.), 11 Atl. 206; Salsbury v. Black, 119 Pa. 200, 4 Am. St. Rep. 631, 13 Atl. 67; or at a tax sale (Hain v. Robinson, 72 Iowa, 735, 32 N. W. 417), or at a sale under a power contained in a mortgage (Rose v. Fall River Five Cents Sav. Bank, 165 Mass. 273, 43 N. E. 93), or in a trust deed in the

nature of a mortgage (Mansur v. Willard, 57 Mo. 347), or generally at public auction (Farnham v. Clements, 51 Me. 426).

Where, however, the purchaser of land at public auction, by reason of his oral promise to buy the same or to hold the title therefor for the use of some person whose interest in the property is about to be sold, is enabled to obtain the land at a price greatly below its market value, it is a fraud for him to attempt to hold it in violation of said promise, and he may be held as a trustee ex maleficio of the land for the benefit of the cestui que trust: Woodruff v. Jabine (Ark.), 15 S. W. 830; Ryan v. Dox, 34 N. Y. 307, 90 Am. Dec. 696, Hunt, J., dissenting, reversing 25 Barb. 440. Contra, Lamborn v. Watson, 6 Har. & J. 252, 14 Am. Dec. 275, where the decision seemed to be based somewhat on the form of the pleadings: Miltenberger v. Morrison, 39 Mo. 71. Compare, also, Sherrill v. Crosby, 14 Johns. 358, where a bystander at a sale bought the land on the suggestion. of the officer conducting it, who intimated that he would like some one to buy it for the benefit of the execution debtor, but where the bystander made no promise to hold for the benefit of the judgment debtor. Moreover, in some decisions, it is further held that the mere repudiation of such agreement after the cestui que trust has relied upon it and refrained from taking part in the sale and from redeeming the land from the sale if redemption is allowable, is such fraud as to warrant equitable relief therefrom: Wright v. Gay, 101 Ill. 233; Moorman v. Wood, 117 Ind. 144, 19 N. E. 739; Parker v. Catron, 27 Ky. Law Rep. 536, 85 S. W. 740; Soggins v. Heard, 31 Miss. 426; Rose v. Bates, 12 Mo. 30; Leahey v. Witte, 123 Mo. 207, 27 S. W. 402, Brace and Gantt, JJ., dissenting; Wolford v. Herrington, 74 Pa. 311, 15 Am. Rep. 548, Agnew and Williams, JJ., dissenting. Contra, Donohoe v. Mariposa Land & Min. Co., 66 Cal. 317, 5 Pac. 495. In Walker v. Hill's Exrs., 22 N. J. Eq. 513, affirming 21 N. J. Eq. 191, the court states the reason for the rule itself in the following language: "It is the precedent contract with the defendant in execution for a reconveyance and the fraudulent conduct of the purchaser in connection with the sale which have enabled him to acquire the debtor's property at an unconscionable advantage, that the court seizes hold of as a ground of equitable relief." "The jurisdiction over transactions of this nature rests on the ground of fraud and oppression on the part of the purchaser, by means of which he has obtained the property of the debtor at an inadequate price, under the assurance of a contract to reconvey to him or to hold the same subject to future redemption." The reason for the extension of the rule is said, in Soggins v. Heard, 31 Miss. 426, to be that the execution debtor "on the faith of such an agreement may have ceased his efforts to raise the money for the purpose of paying off the execution and thus preventing a sale of the property. It will not do to say that the party promising was moved merely by friendly or benevolent considerations, and may, therefore, at his option, decline a compliance with his

agreement. Such considerations constitute the foundation of almost every trust, and the trustee should be held to account as nearly as possible in the same spirit in which he originally contracted."

Again, where at the time a grantee of land took the legal title he orally promised to hold the same on certain trusts, but then and there had no intention of performing the trusts but made them with intent to get and hold the legal title to his own use, a constructive trust arises and he becomes a trustee ex maleficio: Brison v. Brison, 75 Cal. 525, 7 Am. St. Rep. 189, 17 Pac. 689; Acker v. Priest, 92 Iowa, 610, 61 N. W. 235; Gregory v. Bowlsby, 115 Iowa, 327, 88 N. W. 822. See, also; Manning v. Pippen, 86 Ala. 357, 11 Am. St. Rep. 46, 5 South. 572. Similarly, where one actively procures a transfer of land to himself on an oral promise to hold for another, and afterward repudiates the trust, a constructive trust arises on the ground that the transferee had an active fraudulent agency and by false promises diverted to himself the conveyance of the land: Lantry v. Lantry, 51 Ill. 451, 2 Am. Rep. 310; Davis v. Stambaugh, 163 Ill. 557, 45 N. E. 170; Godschalk v. Fulmer, 176 Ill. 64, 51 N. E. 852. Contra, Walker v. Locke, 5 Cush. 90. Likewise, a person who takes the legal title to land in himself subject to an oral trust and to the further contemporaneous oral agreement that he would put the trust in writing, but who afterward repudiated the trust and agreement, becomes a trustee of the land ex maleficio: Hall v. Linn, 8 Colo. 264, 5 Pac. 641, where the grantee was a creditor of the grantor, and received the grant for the benefit of creditors; Wolford v. Herrington, 74 Pa. 311, 15 Am. Rep. 548, Agnew and Williams, JJ., dissenting. Contra, Von Trotha v. Bamberger, 15 Colo. 1, 24 Pac. 883, holding that the mere breach of the promise to put the oral trust in writing did not by itself amount to fraud, though it was of weight, in connection with other facts and circumstances, as an element in fraud.

Furthermore, where the absolute character of a deed of land was not known to or designated by the person paying the consideration therefor, and another was named therein as grantee, it will be presumed that the deed was so written by fraud or mistake and without intent to violate the statute of frauds, and oral evidence will be admissible to show such facts to raise a trust in behalf of the person paying the consideration: Siemon v. Schurck, 29 N. Y. 598, affirming Sieman v. Austin, 33 Barb. 9. In Allen v. Arkenburgh, 2 App. Div. 452, 37 N. Y. Supp. 1032, affirmed without opinion, 158 N. Y. 697, 53 N. E. 1122, the court, however, said: "It is not enough that one person has relied upon the promise of another with regard to the purchase of a piece of property. The party seeking relief in such case must go further, and show a change of position on his part, due to such reliance. He must, in fact, prove the elements of an estoppel in pais."

**Constructive Fraud in General.**—Where confidential relations prevail between the parties to an oral trust and the trust is violated,

the law presumes that the influence of the confidence·upon the mind of the person who confided was undue, and a case of constructive trust arises, not, however, on the ground of actual fraud, but because of the facility for practicing it: Hayne v. Hermann, 97 Cal. 259, 32 Pac. 171; Blount v. Carroway, 67 N. C. 396. See, also, Allen v. Jackson, 122 Ill. 567, 13 N. E. 840; Moore v. Horsley, 156 Ill. 36, 40 N. E. 323. In Pollard v. McKenney, 69 Neb. 742, 96 N. W. 679, 101 N. W. 9, the court says: "If a party obtains the legal title to property by virtue of a confidential relation, under such circumstances that he ought not, according to the rules of equity and good conscience as administered in chancery, to hold and enjoy the benefits, out of such circumstances or relations a court of equity will raise a trust by construction, and fasten it upon the conscience of the offending party, and convert him into a trustee of the legal title." So where a person occupying a fiduciary relation to the owner of real estate takes advantage of the confidence reposed in him by virtue of such relation to acquire an absolute conveyance thereof without consideration, through a verbal agreement which he promises to reduce to writing, as, for example, that the land conveyed to him is to be held in trust for some legitimate purpose, a refusal under such circumstances to reduce the verbal agreement to writing, or to reconvey the land to the real owner, is such an abuse of confidence as to vest a court of equity with jurisdiction to inquire thoroughly into the entire transaction, and to set aside the conveyance or administer other proper relief: Bohm v. Bohm, 9 Colo. 100, 10 Pac. 790.

Moreover, the statute of frauds "does not cover the cases where equity has always implied a trust from the proved relations and acts of the parties, often accompanied by their oral declarations and agreements as material facts, in order to prevent frauds": McCahill v. McCahill, 11 Misc. Rep. 258, 32 N. Y. Supp. 836. Thus the rule that the breach of an oral agreement to hold lands in trust for another is not of itself alone such a fraud as to take the case out of the statute of frauds, applies in its full force only where the parties sustain no trust or confidential relations to each other, or where they are simply contracting parties in the ordinary sense: Allen v. Arkenburgh, 2 App. Div. 452, 37 N. Y. Supp. 1032, affirmed without opinion, 158 N. Y. 697, 53 N. E. 1122.

**Domestic Relation of Husband and Wife.**—In California the relation of husband and wife is a confidential relation, and when this confidence is violated by the refusal of one spouse to execute an oral trust on which land was transferred to him or her, as a trust to reconvey the land to the other spouse on request (Brison v. Brison, 75 Cal. 525, 7 Am. St. Rep. 189, 17 Pac. 689), or to hold the land for the joint use of the two spouses (Barbour v. Flick, 126 Cal. 628, 59 Pac. 122), or to so hold it during their joint lives and afterward to hold one-half thereof for the use of their daughter (Hayne v. Hermann, 97

Cal. 259, 32 Pac. 171), a constructive trust arises which a court of equity will enforce and to establish which parol evidence is admissible. So in Thompson's Lessee v. White, 1 Dall. 424, 1 Am. Dec. 252, 1 L. Ed. 206, where a wife, desiring her husband to have the use of her separate lands during his life, conveyed them to a third party, who reconveyed them to herself and husband as joint tenants under a parol promise on the part of the husband by will or other means to settle the lands on her sisters and children, but the husband died after the wife without having made such settlement, the court enforced such oral trust in behalf of the beneficiaries thereof against the heirs of the husband and a grantee of them with notice. In Brison v. Brison, 75 Cal. 525, 7 Am. St. Rep. 189, 17 Pac. 689, the court said: "If the relief cannot be granted in this case, we do not see how it could be granted if an attorney should, by his parol promise, induce his client to put the property in his name for some temporary purpose, and then refuse to reconvey on the ground of the absence of a written acknowledgment; and so of principal and agent, parent and child, trustee and cestui que trust, etc."

In other states, however, where the title to land is put in the name of a wife on a verbal trust to hold the whole or a part thereof for her husband, the courts have overlooked the principle on which the foregoing cases are decided and have refused to enforce the trust: Murray v. Murray, 153 Ind. 14, 53 N. E. 946; Andrew v. Andrew, 114 Iowa, 524, 87 N. W. 494; Fitzgerald v. Fitzgerald, 168 Mass. 488, 47 N. E. 431; Gibson v. Foote, 40 Miss. 788. Similarly, where a party conveyed land to his son in law on an oral trust to hold for his wife, the grantor's daughter, the courts refused to enforce the trust: Acker v. Priest, 92 Iowa, 610, 61 N. W. 235; Dilts v. Stewart (Pa.), 1 Atl. 587. And where a husband conveys land to his wife under a parol agreement that she should hold for the benefit of their children, the trust is invalid and cannot be enforced: Moran v. Somes, 154 Mass. 200, 28 N. E. 152.

Relation of Parent and Child.—In some decisions it is intimated that an oral trust is enforceable as between parent and child on the ground of constructive fraud: Brison v. Brison, 75 Cal. 525, 7 Am. St. Rep. 189, 17 Pac. 689; Bohm v. Bohm, 9 Colo. 100, 10 Pac. 790. This has also been directly held. Thus where a son, to enable his mother to act as a redemptioner of certain land of his which had been sold on execution, permitted her to take a judgment against him by confession for certain moneys which she had advanced to him, and she thereupon redeemed the land on an oral agreement to transfer it to her son upon payment of the amount advanced by and owing to her, which transaction the son entered into on the advice of his mother's attorney, his former guardian, a court will compel the mother to fulfill the trust: Wood v. Rabe, 96 N. Y. 414, 48 Am. Rep. 640. Where a mother conveyed the family homestead to one son without consideration on a verbal trust that he would hold it for

himself and the other children of his mother, and pay the taxes and interest on the mortgage, receiving in return the rentals accruing on the homestead and free board and lodging, and where all parties acquiesced in and fulfilled the arrangement until more than a year after the death of the mother, when the grantee repudiated it, the other heirs may compel a conveyance by him to them of their respective shares: Goldsmith v. Goldsmith, 145 N. Y. 313, 39 N. E. 1067.

In other decisions, however, the courts have failed to recognize the existence of constructive trusts in similar cases. So where a woman buys a lot and builds a residence thereon under an oral agreement with her son that he shall enter into possession with his family and live with her on the premises and have the title thereto after her death, provided he would pay taxes and insurance and keep the house in good repair and furnish her with all necessary care, board and lodging during life, which he does, no trust arises in his favor: Wittenbrock v. Cass, 110 Cal. 1, 42 Pac. 300. Where a person at the time of buying land made an oral declaration that he purchased it for his son, and his son was in exclusive possession during his lifetime, and after his son's death reaffirmed the trust orally in favor of his son's children who were not, however, in possession, the children cannot enforce the trust as against the devisees of the purchaser: Sherley v. Sherley, 97 Ky. 512, 31 S. W. 275. Also, Smith v. Williams, 89 Ga. 9, 32 Am. St. Rep. 67, 15 S. E. 130. Where land is conveyed without consideration to a man under a verbal trust to hold for his children, in an action to enforce the trust, parol evidence thereof cannot be received to establish it: Shafter v. Huntington, 53 Mich. 310, 19 N. W. 11. Where land was conveyed to a father and mother without consideration under an oral trust that the remainder in one-third should be conveyed to a certain son of theirs, reserving a life estate to themselves, but in violation of the trust the spouses conveyed the whole land to certain other persons without consideration, a court of equity will not enforce the trust: Wright v. Moody, 116 Ind. 175, 18 N. E. 608. A verbal agreement between two sisters at the time of purchasing a homestead that they would hold it for the use of their mother during her life, created no enforceable trust: Wormald's Guardian v. Heinze, 28 Ky. Law Rep. 1022, 90 S. W. 1064. Where a son conveyed land to his father by absolute deed and immediately afterward orally declared a trust therein in favor of one of his brothers to whom he was largely indebted, no trust was created therein which could be enforced against the grantee's heirs, nor would the fact that the trust was declared at the instance of certain of the heirs bind such heirs: Bartlett v. Bartlett, 14 Gray, 277.

**Guardian and Ward.**—While it is said in some decisions that constructive fraud is assumed in case of dealings between guardian and ward, warranting the interposition of a court of equity (McClellan v. Grant, 83 App. Div. 599, 82 N. Y. Supp. 208, affirmed without opinion, 181 N. Y. 581, 74 N. E. 1119; Blount v. Carroway, 67 N. C.

396. Compare, also, Kisler v. Kisler, 2 Watts, 323, 27 Am. Dec. 308), yet in Rogers v. Simmons, 55 Ill. 76, where a person represented to the owner of certain lands that he desired to purchase them as guardian for certain minors, and the owner accordingly sold them to him at a reduced price, the court held that a trust could not be enforced in the minor's favor.

**Brothers or Sisters.**—"The relationship existing between brothers is not in itself a confidential relation to which the equitable doctrine of constructive trusts is applicable": Hamilton v. Buchanan, 112 N. C. 463, 17 S. E. 159. Thus oral trusts existing between brothers or sisters are held not to be enforceable: Hasshagen v. Hasshagen, 80 Cal. 514, 22 Pac. 294; Doran v. Doran, 99 Cal. 311, 33 Pac. 929; Stevenson v. Crapnell, 114 Ill. 19, 28 N. E. 379; Peterson v. Boswell, 137 Ind. 211, 36 N. E. 845; McClain v. McClain, 57 Iowa, 167, 10 N. W. 333; Loomis v. Loomis, 60 Barb. 22.

**Priest and Parishioner.**—Where a woman conveyed land to her spiritual adviser subject to the verbal trust that if her absent son should turn up he would convey the land to the son, the son may compel the execution of the trust: McClellan v. Grant, 83 App. Div. 599, 82 N. Y. Supp. 208, affirmed without opinion, 181 N. Y. 581, 74 N. E. 1119.

**Attorney and Client.**—It seems that there is such confidence existing between an attorney and his client, that the refusal of an attorney to execute an oral trust in lands affords ground for relief against him as a trustee ex maleficio on the ground of constructive fraud: McClellan v. Grant, 83 App. Div. 599, 82 N. Y. 208, affirmed without opinion, 181 N. Y. 581, 74 N. E. 1119; Blount v. Carroway, 67 N. C. 396. So where an attorney bought in land at an insolvent sale under a verbal agreement with his clients to buy for their use and with money furnished by them, the cestui que trust may enforce the trust as against the attorney: Broder v. Conklin, 77 Cal. 330, 19 Pac. 513. Where a grantor gave orders to his attorneys to make a deed of certain land to his wife, and after he left their office they made the deed to a certain third person instead, adding in explanation that they did so to avoid any suspicion of the deed's being made to defraud creditors, oral evidence is admissible to show that the grantee held the land in trust for the grantor's wife to whom he had intended to grant it: Fischbeck v. Gross, 112 Ill. 208.

**Principal and Agent.**—Where a man employs an agent by parol to buy land, who buys it accordingly, and no part of the consideration is paid by the principal and title is taken in the agent, and there is no written agreement between the parties, the principal cannot compel the agent to convey the estate to him: Dorsey v. Clarke, 4 Har. & J. 551. A contrary intimation, however, is found in Brison v. Brison, 75 Cal. 525, 7 Am. St. Rep. 189, 17 Pac. 689.

**Partners and Copartners.**—A parol agreement for a partnership in real estate as such cannot be shown to create a trust in land held by one of the partners under an absolute deed for the benefit of the other partners; and the fact that the parties making the agreement were at the time engaged in a mercantile partnership does not take it out of the statute of frauds: Bird v. Morrison, 12 Wis. 138. So where one partner conveys land to his copartner with a covenant of warranty, parol evidence is not admissible to rebut the presumption that the estate is held by the grantee for his own use: Rogers v. Ramey, 137 Mo. 598, 39 S. W. 66.

**Cotenants or Joint Tenants.**—Where tenants in common convey to each other certain portions of the common lands, and to one of them was conveyed a larger portion than to the other under a parol trust that the former would hold the excess of the part transferred to him over his proper share in trust for the other, such trust is unenforceable: Barr v. O'Donnell, 76 Cal. 469, 9 Am. St. Rep. 242, 18 Pac. 429. Similarly where one joint tenant conveys land to his joint tenant with a covenant of warranty, parol evidence is not admissible to rebut the presumption that the estate is held by the grantee for his own use: Rogers v. Ramey, 137 Mo. 598, 39 S. W. 66. Furthermore, where one who has been a cotenant of lands which had been sold on foreclosure purchased them from the purchaser at foreclosure under a verbal trust to hold them in trust for his former cotenants as well as for himself, the trust is unenforceable: Watson v. Watson, 198 Pa. 234, 47 Atl. 1096.

In New York, however, in Allen v. Arkenburgh, 2 App. Div. 452, 37 N. Y. Supp. 1032, affirmed without opinion, 158 N. Y. 697, 53 N. E. 1122, the court holds that the statute of frauds "does not apply where there is a trust or confidential relation with regard to the property itself, where there is a community of interest between the owners, and where the promise of one relates to the vested interests of all," and that therefore where in a suit in partition the land involved. was ordered sold and it appeared to the cotenants that their interests would be prejudiced by a sale at the time ordered, and one of them offered to and did bid in the property for the benefit of the whole and coupled this offer with the suggestion that the remainder do not bid against him, which suggestion was heeded at the sale, he holds the title in trust for the other cotenants and they may enforce the trust against him.

**Debtors and Creditors.**—In most states parol evidence is always admissible to show that an absolute deed of land was taken merely as security for the performance of an obligation, and is in fact a mortgage: Patton v. Beecher, 62 Ala. 579; Spies v. Price, 91 Ala. 166, 8 South. 405; Buckman v. Alwood, 71 Ill. 155; Wright v. Gay, 101 Ill. 233; Campbell v. Dearborn, 109 Mass. 130, 12 Am. Rep. 671; Barber v. Milner, 43 Mich. 248, 5 N. W. 92; Morrow v. Jones, 41 Neb. 867,

60 N. W. 369; Hodges v. Tennessee Marine & F. Ins. Co., 8 N. Y. 416; Sturtevant v. Sturtevant, 20 N. Y. 39, 75 Am. Dec. 371; Bork v. Martin, 132 N. Y. 280, 28 Am. St. Rep. 570, 39 N. E. 584; Appeal of Sweetzer, 71 Pa. 264. So where an absolute deed of lands is made to grantees to indemnify them against any loss by reason of a contract of suretyship on which they were sureties, it is a mortgage, and parol evidence is admissible to show that fact and that the liability to indemnify against which the mortgage was given has been discharged without damage to the mortgagees: Moore v. Wade, 8 Kan. 380. Where a person acquires the legal title to the land of another through legal proceedings—first by writ of summons and attachment, and then by writ of entry—pursuant to an understanding that he would hold the property as security for what should upon final settlement appear to be due him, parol evidence is admissible to show such understanding and that he therefore held as mortgagee: Potter v. Kimball, 186 Mass. 120, 71 N. E. 308.

Parol evidence is also admissible to show that an absolute transfer of land from one person was in fact intended as a mortgage of land by and in behalf of another person. Thus a sheriff's deed to a purchaser at a sheriff's sale of lands may be shown to be a mortgage by parol: Reigard v. McNeill, 38 Ill. 400. And where a person, pursuant to an oral agreement in that behalf, advanced the money requisite to make the first payment for land and took the title in his own name, but made such payment jointly for himself and another, and took the title as security, thus in effect loaning one-half of the money paid to such other person and paying it to the vendor as the other's money, a trust in the land arose in favor of the other person: Towle v. Wadsworth, 147 Ill. 80, 30 N. E. 602, 35 N. E. 73. And where the purchaser of land on credit, being afraid that he would be unable to pay his notes given when due, procured another person to pay the residue of the price and take the title to the land in trust, to reconvey upon payment of the moneys advanced with interest, the latter may be compelled to reconvey as agreed: Jones v. McDougal, 32 Miss. 179. But where a person promises another to purchase certain land for him at foreclosure sale and to hold the title in trust for him and actually does so, but afterward refuses to reconvey, the mere fact that the purchaser agreed to buy for the other person will not convert the advances he made of his own money into a loan, and thereby indirectly create a trust: Bourke v. Callanan, 160 Mass. 195, 35 N. E. 460, Allen and Knowlton, JJ., dissenting.

The courts have on many occasions discussed the rationale of the rule admitting parol evidence to show that an absolute deed is a mortgage. While it has sometimes been declared that this rule is a mere arbitrary exception to the statutes of frauds founded on long established usage, yet by the better opinion it is founded on the idea that the violation by the mortgagee of the oral agreement pursuant to which he holds the property is a constructive fraud, giving

rise to a constructive trust. Thus in Patton v. Beecher, 62 Ala. 579, the court says: "The relation of debtor and creditor affords the latter so many opportunities of taking advantage of the necessities of the former that transactions between them are narrowly watched. . . . . Once a mortgage, always a mortgage, is the maxim, and however broad is the power of contracting or of disposing, restraints upon the equity of redemption, though deliberately imposed, are not tolerated. The principle cannot be violated by putting the .conveyance in the form of an absolute deed. If the creditor accepts the deed on no other consideration and for no other purpose than as a security for a debt, a case of fraud and trust is made out, which requires the interference of a court to give effect to the equity of redemption if it is denied." And in Campbell v. Dearborn, 109 Mass. 130, 12 Am. Rep. 671, the court, although with less clearness, follows the same line of reasoning.

In a few states parol evidence is not admissible to show that an absolute deed was given for security only and is in fact a mortgage (Thomas v. McCormack, 9 Dana, 108; McElderry v. Shipley, 2 Md. 25, 56 Am. Dec. 703), whether the deed was given directly ·from the alleged mortgagors to the alleged mortgagee (Wolf v. Corby, 30 Md. 356), or was given by some third person to the alleged mortgagee pursuant to an oral agreement between the alleged mortgagee and the alleged mortgagor (Benge v. Benge (Ky.), 23 S. W. 668). This rule is based on the ground that neither public interest nor the established principles of equity jurisprudence will allow a court of justice to admit parol evidence to show that an absolute deed was intended as a mortgage: Thomas v. McCormack, 9 Dana, 108.

In Miscellaneous Relations.—In conclusion a few instances may be mentioned where a constructive fraud has been declared, and one where it has been denied, which do not come within any of the particular classes of confidential relations before discussed, but where the relation of confidence seems to have been a matter of fact rather than an assumption of law.

Where a woman conveyed land to another by absolute deed without consideration, on the parol promise of the latter to reconvey after her impending marriage was accomplished, and this conveyance was urged by her betrothed husband and the person to whom she conveyed it in order to avoid the operation of the law protecting a woman's separate property owned by her at the time of her marriage, and where she resided with and was on terms of intimate confidence with such grantee, upon refusal to perform the trust, the marriage having been solemnized, a court of equity will enforce the trust: Catalani v. Catalani, 124 Ind. 54, 19 Am. St. Rep. 73, 24 N. E. 375. So where a creditor of married people voluntarily assumed a confidentiaɪ relation toward them and represented that to protect their homestead against their other creditors they should mortgage it to

him and he would cause it to be sold and bought in for their benefit, and they, relying upon his representations, allowed it to be so mortgaged and sold and bought by the creditor, whereupon he repudiated his promise to hold it for their benefit, a trust by construction arises in the grantors' favor: Gruhn v. Richardson, 128 Ill. 178, 21 N. E. 18.

But where an administrator bought at execution sale land belonging to the decedent under a verbal promise to hold for the heirs and apply the rent and profits to the liquidation of the amount advanced by him, the heirs are not entitled to any relief by virtue of the promise: Maroney v. Maroney, 97 Iowa, 711, 66 N. W. 911.