EMMA RENZ v. JULIUS STOLL, ADMINISTRATOR, ETC., AND CLOTHILDE H. STENDEL.

*Statute of frauds—Trust in lands—Sufficiency of writing.*

While a declaration of trust need not be contained in the conveyance to the trustee, and any form of instrument, whether a letter addressed to a third person or the answer of the alleged trustee in a chancery proceeding *(Patton v. Chamberlain,* 44 Mich. 5), will be sufficient to answer the requirements of the statute, there being no prescribed form of words in which the declaration must be made in order to make it valid *(Ellis v. Secor,* 31 Mich. 185), yet it must contain the substantial terms of the trust, or at least sufficient to identify the subject-matter by writing; citing Perry, Tr. § 83; Browne, Stat. Fr. § 108; *Gault v. Stormont,* 51 Mich. 636.

Appeal from Wayne. (Gartner, J.) Argued December 2, 1892. Decided December 23, 1892.

Bill to enforce a trust in lands. Decree dismissing bill affirmed. The facts are stated in the opinion.

*M. B. Breitenbach (William B. Jackson* and *B. T. Prentis,* of counsel), for complainant.

*John G. Hawley,* for defendants.

MONTGOMERY, J. The complainant filed a bill in the Wayne circuit, in chancery, to have certain lands in the city of Detroit decreed to have been held in trust by Baumeister for her, and to enforce the trust. Since the filing of the bill Baumeister has died, and the case proceeds against his administrator and codefendant, who was Baumeister's grantee.

The history of the legal title is as follows: On September 1, 1873, Henry Renz deeded the land to his wife, Emma Renz, the complainant. On August 10, 1874, complainant deeded the same to John Winterhalter. January 11, 1875, John Winterhalter deeded the land to John Baumeister, subject to all mortgages. There were at that time three mortgages on the land,—one to William Krenning, for $2,500; one to the Detroit Building & Savings Association, for $1,000; and one to Henry Wineman, for $1,500, upon which it would appear, however, that there was but $480 due at the time of the transfer to Baumeister. The consideration named in the deed from complainant to Winterhalter was $6,000, and the value of the property at this time is not otherwise shown. The answer denies that the conveyance was made to Baumeister charged with any trust.

The complainant seeks to establish the trust by parol

testimony.   Rosa Haag, a daughter of complainant, testifies:

"Mother had a conversation with Winterhalter in the forenoon.   In the afternoon Mr. Baumeister came over to the house, and said, 'Well, Emma, I will take the papers, and do you the favor; and I will have a new deed made out, and deed it back to you, whenever you want it.' Mother said, when she handed him the papers: 'Here is everything in this envelope that belongs to the property; * * * now, you see that I get them all back like this.' And he said: 'I will; and I will have a new deed made out, and deed it back to you, whenever you want it.'"

The complainant also called Frederick Haag as a witness, who testified that in 1887 he had a conversation with Baumeister, in which Baumeister admitted to him, in substance, that he held the property in trust for complainant, and his only claim against it was for moneys that he had paid out to discharge the mortgages and tax liens.   This witness further testified that he subsequently wrote Mr. Baumeister, and received a letter in reply, which letter he was unable to produce, but stated the contents, in answer to the question, "What did he write?" as follows:

"He wrote me that promise was all right, but he didn't know all the matters in the case.   He says, 'I lost considerable by Renz,' and something to the effect that he got even with him now.   That is it."

The circuit judge held that under this testimony the complainant was not entitled to the relief prayed, and dismissed the bill.   Complainant appeals.

How. Stat. § 6179, provides that—

"No estate or interest in lands, other than leases for a term not exceeding one year, nor any trust or power over or concerning lands, or in any manner relating thereto, shall hereafter be created, granted, assigned, surrendered, or declared, unless by act or operation of law, or by a deed or conveyance in writing, subscribed by the party

creating, granting, assigning, surrendering, or declaring the same, or by some person thereunto by him lawfully authorized by writing."

Unless we ignore the express provisions of this statute, we are compelled to hold that the conclusion of the circuit judge was correct. It may be conceded, as contended by complainant, that the declaration of trust need not be contained in the conveyance to the trustee, and that any form of instrument, whether a letter addressed to a third person or the answer of the alleged trustee in a chancery proceeding (*Patton v. Chamberlain,* 44 Mich. 5), will be sufficient to answer the requirements of the statute, and that there is no prescribed form of words in which the declaration must be made, in order to make it valid. *Ellis v. Secor,* 31 Mich. 185. But the declaration in writing must contain the substantial terms of the trust, or at least sufficient to identify the subject-matter by writing; otherwise, the provisions of the statute would be rendered nugatory.

The rule is well stated in Perry on Trusts (chapter 3, § 83):

"The objects and nature of the trust must always appear from such writings with sufficient certainty, and also their connection with the subject-matter of the trust. Indeed, courts require demonstration on the latter point; and the trust will not be executed if the precise nature of it, and the particular persons who are to take as *cestuis que trustent,* and the proportions in which they are to take, cannot be ascertained. When all these particulars properly appear from writings signed by the party, the trust will be executed."

And again, in Browne on Statute of Frauds (chapter 7, § 108), it is said:

"The words used   *   *   *   must distinctly relate to the subject-matter, and must serve to show the court that there is a trust, and what that trust is."

See, also, *Gault v. Stormont,* 51 Mich. 636.

The decree will be affirmed, with costs.

McGRATH, C. J., DURAND and GRANT, JJ., concurred with MONTGOMERY, J.

LONG, J. (dissenting). I think there was sufficient evidence of the declaration of the trust to bring the case out of the statute, and that defendants should account with the complainant for the value of the property, and the rents and profits.